(i)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LEILAND STEVENS, Individually and on Behalf of All Others Similarly Situated, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>QUIKSILVER, INC., ANDREW P. MOONEY, and RICHARD SHIELDS, <br><br>　　　　　Defendants. | Case No. 8:15-cv-00516 JVS (JCGx) <br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO CLASS** <br><br>**Date:  December 19, 2016** <br>**Time:  1:30 p.m.** <br>**Room: Courtroom 10C** <br>**Judge: Hon. James V. Selna** |

WHEREAS, a consolidated securities class action is pending before the Court entitled *Stevens v. Quiksilver, Inc., et al.,* 8:15-cv-00516-JVS-JCG;

WHEREAS, Lead Plaintiff has filed an unopposed motion pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation of Settlement dated as of November 16, 2016, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation.

2. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and solely for the purposes of the proposed Settlement, the Court preliminarily certifies the following Settlement Class:

**All Persons who purchased or otherwise acquired Quiksilver, Inc. common stock (ticker symbol: ZQK) on the public market between June 6, 2014 and March 26, 2015, inclusive.**

Excluded from the Settlement Class are Defendants; members of the Defendants' immediate families; officers, directors, and subsidiaries of Quiksilver; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of a Defendant's immediate family; any trust of which a Defendant is

the settlor or which is for the benefit of a Defendant and/or any member of their immediate families; and the legal representatives, heirs, or successors-in-interest of Quiksilver and the Defendants. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Proposed Class Action Settlement to be sent to the members of the Settlement Class.

4. For purposes of the Settlement only, this Court preliminarily finds and concludes that the Settlement Class is ascertainable and that there is a well-defined community of interest in the questions of law and fact involved affecting the members of the Settlement Class. For purposes of the Settlement only, the Court finds and concludes that (a) the Persons who are part of the Settlement Class are so numerous that joinder of all such Persons is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of those of the Settlement Class; (d) in negotiating and entering into the Stipulation, Lead Plaintiff and his counsel have fairly and adequately represented and protected the interests of all Persons who are part of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Persons who are part of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Persons who are part of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of the claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation as a class action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, Lead Plaintiff Babulal Parmar is appointed as class representative and Lead Counsel Levi & Korsinsky LLP is appointed class counsel.

6. If the Stipulation is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms set forth in the Stipulation, this conditional certification shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter.

7. A Final Approval Hearing shall be held before this Court on **May 1, 2017, at 1:30 p.m.**, at the United States District Court, Central District of California, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Courtroom 10C, Santa Ana, California 92701, for the following purposes: (i) to determine, for purposes of the Settlement only, whether the Court should grant final certification to the Settlement Class pursuant to Federal Rule of Civil Procedure 23; (ii) to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (iii) to determine whether the Judgment, in the form attached as Exhibit B to the Stipulation, should be entered herein; (iv) to rule upon the proposed Plan of Allocation; (v) to rule upon any Fee and Expense Application; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Court may adjourn the Final Approval Hearing without further notice to the members of the Settlement Class.

8. The Court approves, as to form and content, the Notice of Proposed Class Action Settlement (the "Notice") (annexed hereto as Exhibit A-1), the Proof of Claim and Release form (the "Proof of Claim") (annexed hereto as Exhibit A-2), and the Summary Notice of Proposed Settlement of Class Action (the "Summary

Notice") (annexed hereto as Exhibit A-3), and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶ 9 of this Order meet the requirements of Federal Rule of Civil Procedure 23; Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7); the Constitution of the United States (including the Due Process clause); and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

9. The Court appoints the firm of Epiq Class Action & Claims Solutions, Inc. as Claims Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than **January 16, 2017**, Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed by first class mail to all members of the Settlement Class who can be identified with reasonable effort; and Lead Counsel shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and on a website maintained by the Claims Administrator; and

(b) Not later than **April 24, 2017**, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10. Nominees who purchased or acquired Quiksilver common stock for beneficial owners who are members of the Settlement Class shall send the Notice and the Proof of Claim to such beneficial owners of Quiksilver common stock within thirty (30) days after receipt thereof, or send a list of the names and

addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  A nominee's failure to transmit the Notice and Proof of Claim to a beneficial owner shall not impact whether that beneficial owner is considered a member of the Settlement Class. Nothing in this Order creates any duties, liabilities, obligations, responsibilities, or rights as between any nominee and any beneficial owner that do not already otherwise exist in contract or by law.

11. All members of the Settlement Class who do not request exclusion from the Settlement Class in the manner stated in this Preliminary Approval Order shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

12. Any potential member of the Settlement Class may request to be excluded from the Settlement Class.  Such request for exclusion must be postmarked on or before **April 3, 2017** and delivered to the Claims Administrator as set forth in the Notice.  Such requests shall clearly indicate the name, address, and telephone number of the person seeking exclusion; the date(s), price(s), and number(s) of shares of all purchases, other acquisitions, and sales of Quiksilver common stock during the Settlement Class Period; and a statement that the sender requests to be excluded from the Settlement Class in *Stevens v. Quiksilver, Inc., et al.*, Case No. 8:15-cv-00516-JVS-JCG, and must be signed by such person.  A request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the request for exclusion is otherwise accepted by the Court.

13. Members of the Settlement Class who wish to participate in the proposed Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of

6
[Proposed] Order Granting Preliminary Approval
Case No. 8:15-cv-00516 JVS (JCGx)

Claim must be submitted no later than **May 10, 2017**. Any member of the Settlement Class who does not submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise determined by Lead Counsel or ordered by the Court.

14. Any member of the Settlement Class may enter an appearance at the Final Approval Hearing, individually or through counsel of their own choice, at their own expense. If they do not enter an appearance, members of the Settlement Class will be represented by Lead Counsel.

15. Pending final determination of whether the proposed Settlement should be approved, Lead Counsel, Lead Plaintiff, and the members of the Settlement Class, either directly, representatively, or in any other capacity, are barred from commencing or prosecuting any action asserting any Released Claims against any Released Persons.

16. Any member of the Settlement Class may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, or why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no member of the Settlement Class or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs in support thereof such that they are received, not simply postmarked, on or before **April 3, 2017**, by Nicholas I. Porritt, Esq., Levi & Korsinsky LLP, 1101 30th Street, N.W., Suite 115, Washington, DC

20007; and Meryl L. Young, Esq., Gibson, Dunn, & Crutcher LLP, 3161 Michelson Drive, Irvine, CA 92612, and filed said objections, papers and briefs with the Clerk of the United States District Court, Central District of California, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Courtroom 10C, Santa Ana, California 92701, on or before **April 3, 2017**. Any member of the Settlement Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, the Plan of Allocation, and/or the Fee and Expense Award, unless otherwise ordered by the Court.

17. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. All papers in support of the Settlement, the Plan of Allocation, and any Fee and Expense Application shall be filed and served on or before **March 20, 2017**.

19. The Settling Parties may respond to any objection to the Stipulation, the Plan of Allocation, or the Fee and Expense Application, provided that such response is filed and served no later than **April 17, 2017**.

20. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application shall be approved.

21. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Lead

Counsel shall have any obligation to repay any amounts actually and properly disbursed from or chargeable to the Settlement Fund.

22. The Released Persons, their counsel, and their insurers shall have no responsibility for, or liability with respect to, the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

24. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class. If the Settlement is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and, in such event, all orders entered and releases delivered in connection

herewith shall be null and void to the extent provided by and in accordance with the Stipulation. Each party shall be restored to his, her, or its respective position as it existed immediately prior to the execution of the Stipulation.

      IT IS SO ORDERED.

DATED: January 03, 2017      _____
                                          THE HONORABLE JAMES V. SELNA
                                          UNITED STATES DISTRICT JUDGE