ADAM M. APTON (SBN 316506)
**LEVI & KORSINSKY, LLP**
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel : 213-985-7290
Fax: (202) 333-2121
Email: aapton@zlk.com

*Attorneys for Lead Plaintiff and Lead Counsel for Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LEILAND STEVENS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUIKSILVER, INC., ANDREW P. MOONEY, and RICHARD SHIELDS,<br><br>Defendants. | Case No. 8:15-CV-00516-JVS-JCG<br><br><u>CLASS ACTION</u><br><br>NOTICE OF MOTION AND MOTION FOR AN ORDER DIRECTING CASE CLOSURE, APPROVAL OF CLAIMS ADMINISTRATION FEES AND EXPENSES, AND DISTRIBUTION TO THE *CY PRES* RECIPIENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION<br><br>Date: July 16, 2018<br>Time: 1:30 p.m.<br>Room: Courtroom 10C<br>Judge: Hon. James V. Selna |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on July 16, 2018 at 1:30 p.m., or as soon thereafter as counsel may be heard, at the United States District Court for the Central District of California, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Courtroom 10C, Santa Ana, California 92701, before the Honorable James V. Selna, Lead Plaintiff Babulal Parmar ("Plaintiff") does hereby move the Court to enter the accompanying [Proposed] Order Directing Case Closure, Approval of Claims Administration Fees and Expenses, and Distribution to the *Cy Pres* Recipient which will, among other things: (i) approve the remainder of the Settlement Fund to be paid to the *cy pres* recipient; and (ii) ordering the above-captioned action to be closed.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Alexander Villanova, all pleadings and papers filed therein, arguments of counsel, and any other matters properly before the Court.

Plaintiff respectfully submits that a hearing may be unnecessary. Accordingly, Plaintiff respectfully requests the Court's approval of this motion on the papers.

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ..... ii

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 1

I. The Claims Administrator has Conducted One Distribution and the Remaining Net Settlement Fund is Insufficient to Conduct a Second Distribution ..... 1

II. Payment of Fees and Expenses of Claims Administrator Should be Approved ..... 1

III. The Remaining Funds Should Be Distributed *Cy Pres* ..... 2

CONCLUSION ..... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Plaintiff hereby respectfully requests the Court to approve the reimbursement of the claims administration fees and expenses incurred by the Claims Administrator since the initial distribution and close the case.[1] Plaintiff also requests that the remainder in the Settlement Fund be distributed to the *cy pres* recipient, the Investor Protection Trust.

## ARGUMENT

### I. The Claims Administrator has Conducted One Distribution and the Remaining Net Settlement Fund is Insufficient to Conduct a Second Distribution

As set forth in the accompanying Declaration of Alexander Villanova (the "Villanova Declaration") and pursuant to the Distribution Order, the Claims Administrator Epiq Systems, Inc., ("Epiq") carried out the initial distribution of the Net Settlement Fund to Class Members. *See* Villanova Declaration at ¶¶ 2-5.

After the initial distribution, after accounting for payment of unpaid fees and expenses owed to the Claims Administrator, the amount of funds remaining totaled $23,850.14. *Id*. at ¶ 10. Plaintiff and Epiq have determined that it is not cost-effective to administer a Second Distribution as a merely *de minimus* distribution, if any, would result, and is therefore prepared to transfer the balance of the Settlement Fund to the Investor Protection Trust once authorized by the Court. *Id*. at ¶ 11-14.

### II. Payment of Fees and Expenses of Claims Administrator Should be Approved

The Stipulation (¶¶ 2.3, 2.9) and the Court's Order Approving Distribution Plan (ECF No. 66, ¶ 4.G-I.) provide that Lead Counsel may deduct Epiq's estimated fees and expenses incurred in connection with administering the Distributions from the Net

---

[1] Unless indicated herein, all terms with initial capitalization shall have the meanings ascribed to them in the Stipulation of Settlement dated November 21, 2016 (ECF No. 50) (the "Stipulation") or in the Villanova Declaration.

Settlement Fund. Plaintiff seeks the Court's approval of the costs and expenses incurred by Epiq in connection with the administration of the Settlement Fund, and to further authorize payment to Epiq from the Settlement Fund for the remaining unpaid fees and expenses due to it.

As reflected in the Villanova Declaration, the total amount of Epiq's fees and out-of-pocket expenses incurred and expected to be incurred through the Initial Distribution was $17,925.97 yet to be paid. Villanova Declaration, ¶ 10.

Plaintiff has reviewed the Claims Administrator's invoices and finds them reasonable. Plaintiff respectfully request that the Court approve payment of all Claims Administrator's fees and expenses associated with claims administration since the initial distribution and authorize payment due to the Claims Administrator for its unpaid fees and costs related to the Distribution.

## III. <u>The Remaining Funds Should Be Distributed *Cy Pres*</u>

The Stipulation (¶ 6) and the Court's Order Approving Distribution Plan (ECF No. 66, ¶ 4.I.) provide if any amounts remain in the Settlement Fund (after payment of all notice and claim administration expenses, necessary taxes and tax expenses, attorneys' fees and expenses and eligible claims including after the upward adjustments of eligible claims), the amount remaining in the Settlement Fund will be transferred to the Investor Protection Trust pursuant to *cy pres* doctrine. Thus, Plaintiff seeks the Court's approval that all remaining funds shall be issued to the court-approved *cy pres* recipient, the Investor Protection Trust located at 1020 19th Street NW, Washington, DC 20036-6123. If approved, $23,850.14 will be transferred to the Investor Protection Trust. Villanova Declaration at ¶¶ 10, 14.

# CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion in its entirety.

DATED: June 13, 2018

**LEVI & KORSINSKY, LLP**

By: /s/ Adam M. Apton
Adam M. Apton (SBN 316506)
**LEVI & KORSINSKY, LLP**
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel : 213-985-7290
Fax: (202) 333-2121

*Attorneys for Lead Plaintiff Babulal Parmar and Lead Counsel for Class*

**CERTIFICATE OF SERVICE**

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

On June 13, 2018, I electronically filed the following NOTICE OF MOTION AND MOTION FOR AN ORDER DIRECTING CASE CLOSURE, APPROVAL OF CLAIMS ADMINISTRATION FEES AND EXPENSES, AND DISTRIBUTION TO THE *CY PRES* RECIPIENT and accompanying documents with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on June 13, 2018.

/s/ Adam M. Apton
Adam M. Apton